IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO HERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-500-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are federal prisoner Hugo Hernandez's ("Hernandez") petition for writ of habeas corpus under 28 U.S.C. § 2241 and brief in support (ECF Nos. 1–2 ) and the FMC-Fort Worth Warden's response with appendix (ECF Nos. 11–12).[1] After considering the relief sought by Hernandez, the record, related briefing, and applicable law, the Court concludes that Hernandez's § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

**I.    BACKGROUND**

Hernandez was convicted in the United States District Court for the Eastern District of Texas, Sherman Division, of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). J., *United States v. Hernandez*, No. 4:11-cr-248-21 (E.D. Tex. Nov. 27, 2013), ECF No. 1026.[2] He was sentenced to 188 months' imprisonment. *Id.* Hernandez's conviction and sentence were affirmed on direct appeal to the Fifth Circuit. *United States v. Hernandez*, 578 F. App'x 355 (5th Cir. Aug. 13, 2014). Review of Hernandez's criminal docket shows that he never sought § 2255 relief there. He instead filed the instant § 2241 petition

---

[1]Hernandez filed this action while he was confined at FMC-Fort Worth, but he has been transferred to FCI-Yazoo City, Mississippi. ECF No. 9.

[2]The Court takes judicial notice of the records of Hernandez's criminal case. *See* FED. R. EVID. 201(b)(2) and (c)(1).

in this Court. Pet. 1, ECF No. 1.

## II.     CLAIMS FOR RELIEF

Hernandez asserts that the convicting court improperly sentenced him as a "career offender" because his prior state controlled substance convictions that were used as predicate offenses no longer qualify under the recent rulings of *DesCamps v. United States*, 570 U.S. 254 (2013), *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), *Mathis v. United States*, 136 S.Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). Mem. 1–6, ECF No. 2. Hernandez seeks to have the career-offender enhancement vacated. *Id.* at 7.

## III.    ANALYSIS

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

2

Hernandez cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

Hernandez has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Hernandez does not claim or attempt to demonstrate that he was convicted of a nonexistent offense. Rather he challenges the imposition of his sentence, and not his conviction, and such claims do not fall within the savings clause of § 2255(e). *See generally Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging a sentence from those challenging a conviction).

In *Logan v. Warden Fed. Corr. Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Hernandez does in this case, that he was erroneously sentenced. *Logan*, 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id*. at 281 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)).

The Court notes that Hernandez recites claims for relief based upon three Supreme Court decisions: *Descamps v. United States*, 570 U.S. 254 (2013); *Molina-Martinez v. United States*, 136

3

S. Ct. 1338 (2016); and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Mem. 2–6, ECF No. 2. He also cites two Fifth Circuit decisions: *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). Mem. 1–3, ECF No. 2. Although Hernandez cites to the three recent Supreme Court decisions, he has not argued that they have been made retroactively applicable, and/or that any of the decisions establishes that he was actually innocent of the charge against him because the conduct for which he was convicted has been decriminalized. *See Christopher*, 342 F.3d at 382. Moreover, relevant caselaw establishes that *Descamps, Mathis,* and *Molina-Martinez* do not provide a basis for invoking the savings clause. *See e.g., Jackson v. Daniels*, 637 F. App'x 173, 174 (5th Cir. 2016) (affirming district court's rejection of invocation of a savings-clause claim based upon *Descamps* because it had no "effect on whether Jackson was convicted of nonexistent federal drug offenses"); *Oxner*, 616 F. App'x at 191 (5th Cir. 2015) ("As *Descamps* addresses sentencing issues and has no effect on whether the facts of Oxner's case would support his convictions for the substantive offenses, it is not a retroactively applicable Supreme Court decision indicating that he was convicted of a nonexistent offense") (citations omitted); *Getachew v. Harmon,* No. 3:17-cv-224-D, 2017 WL 2348834, at * 3–4 n. 1 (N.D. Tex. March 27, 2017) (rejecting *Mathis* based claims under the § 2241 savings clause), *rep. and rec. adopted*, 2017 WL 2345707 (N.D. Tex. May 30, 2017)(Fitzwater, J.); *Avila v. United States,* No.7:16-cv-700, 2017 WL 2391224, at *1 (S.D. Tex. April 21, 2017) (*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review"); *United States v. Warren,* No. 8:96-cr-64-T-23 TBM, 2017 WL 4426549, at *3 (M.D. Fla. Oct. 5, 2017) ("*Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review.")

Furthermore, *Hinkle* and *Tanksley* are not Supreme Court decisions, and the Fifth Circuit's application of *Mathis* in those cases case arose on direct appeal, not collateral review. *See Hinkle*,

832 F.3d at 574-77; *Tanksley*, 848 F.3d at 349–51. Thus, *Hinkle* and *Tanksley* provide no basis for relief under the savings clause. *See Nelson v. Pollock*, 2017 WL 3881500, at *2 (W.D. La. July 11, 2017) (rejecting petitioner's claims that he was entitled to seek relief under § 2241 against his career offender sentence under *Mathis* and *Hinkle* based upon the savings clause), *rep. and rec. adopted*, 2017 WL 38811163 (Sep. 1, 2017); *Spotts v. Lara*, 728 F. App'x 409, 410 (5th Cir. 2018) (affirming district court's dismissal of savings clause claim relying upon *Mathis*, *Tanksley*, and *Hinkle*)*; Lott v. Willis*, EP-16-cv-514-DCG, 2017 WL 384074 at *4–5 (W.D. Tex. Jan. 26, 2017) (rejecting savings clause claim based in part upon *Tanksley*). Hernandez's reliance on *DesCamps*, *Mathis*, *Molina-Martinez, Hinkle*, and *Tanksley* does not invoke the savings clause.

As Hernandez does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, the Court concludes that he is not entitled to relief under § 2241. Hernandez's § 2241 petition must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

**IV.   CONCLUSION and ORDER**

Accordingly, it is **ORDERED** that Hugo Hernandez's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **15th day** of **May, 2019**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

5